TotteN, J.,
delivered tlie opinion of tbe court.
Tbe action is assumpsit for tlie use and occupation of land. Tlie defendant demurred to tbe declaration, and tlie judgment tbereon being in bis favor, tbe plaintiff bas appealed in error to tbis court.
Tbe case is this: Isaac Yanzant died, seized of a tract of land, on which there were valuable improvements, and tbe same descended to bis children, ten in number, bis heirs at law. Tlie plaintiff’s wife and tbe defendant are two of said heirs, and as such, have an interest in tbe land. Tbe defendant was in tbe exclusive use and occupation of tbe land and premises for tbe year 1849, by mere permission of tbe other heirs, without any contract except that which tbe law .will imply.
Now tbis action is instituted by one of tbe heirs to recover bis portion of a reasonable rent for tbe use and occupation of tbe premises; and tbe question, whether one of several tenants in common, can maintain an action against another, in such case without joining tbe other tenants as plaintiffs in tbe action.
At tbe common law, one tenant in common, could not, in general, maintain an action eso conirractu against a co-tenant. He could not maintain an action against a co-tenant for a portion of tbe rent, or for use and occupation, which is of tbe same nature. His remedy is by bill in equity. But in tbe case of a personal chattel, or of timber severed from tbe land, if one tenant in common, by a sale thereof, convert tbe thing into money, tbe joint interest is severed, and be is liable to tbe other in an action for money bad and received. Wheeler vs. Horn, Willes’ R. 208; Martin vs. Knowlly, 8 Tenn. R. 145; *278 Miller vs. Miller, 9 Pick R. 34; Sherman vs. Ballowe, 8 Cowen R., 314.
"While the relation of tenancy in common continues, each has the same right to the possession and the rents and profits, as the other. The possession of the one is the possession of the other; and therefore, Mr. Kent says the mere occupation of the premises by one joint tenant or tenant in common, would not of itself, at common law, have entitled his co-tenant to have called him to an account. lie must have stood in the relation of a bailiff or receiver, in order to be rendered responsible. But the statute, 4 Anne, ch. 16, rendered joint tenants and tenants in common liable in account as bailiffs, for receiving more than their just share. 4 Kent. Com., 369.
The statute entitled, “ an act for the amendment of the law and the better advancement of justice,” was in force in North Carolina, (vid. Judge Martin’s Collection of English Statutes, 394,) and we consider that a number of its provisions, including that before cited, are in force in this State. This statute gives the remedy at law; without it, the remedy was only in equity during the continuance, as here, of the tenancy in common. The action of account is an absolute remedy, and is entirely superceded by other actions, and principally by the equitable action of assumpsit. The action of assumpsit is the proper remedy in the present case; but as the tenancy in common still continued to exist, and the defendant held possession of the premises in his character of tenant in common, it must follow that he is liable to the joint action of his co-tenants, who have an interest in common in the premises. The remedy must conform to the nature of the right; and as that is a joint interest, so the remedy must be joint. The *279 possession of defendant was no ouster of Ms co-tenants, but consistent with their common rights; and it is very clear that unless there has been a severance of the common interest, no action between the parties in relation to it, can be several.
The case of Parker vs. Elder, 11 Humph. R., 546, is different from this, in many respects. In that case, several had a joint interest in a fund in the hands of the defendant; one of them was paid his share, and that was held to be a severance of the joint interest in the fund, so as to entitle the others to a separate remedy.
But here the joint interest continues; no act of severance has been done; and it must follow, that the remedy to enforce it must be joint.
Let the judgment be affirmed.